This is case number 4-14-0955, Pekin Insurance v. Tyree Campbell. Attorney McIlvaine is here on behalf of the appellant. Attorney Brant is here on behalf of the appellee. Mr. McIlvaine, are you ready to proceed? May it please the court. This case involves a mixture or overlap of jurisdiction. The circuit court we contend lacked jurisdiction to enter the default judgment against my client Tyree Campbell. For the factual information, we looked at the complaint because that's all there is. Pekin says they insured the workers' comp risk of Tyree Campbell. That for a period of time before that, he had reported no employees. That they received a claim from Josh Poore during this particular policy period saying he was an employee working for Campbell. They indicate that that is significant to them. That they have taken into account the past representations. That impacts their intent to insure. And based on that, the existence of an employee when he said he didn't have any, they claim they're entitled to a rescission. Unfortunately, Mr. Campbell didn't show up and the court entered a default judgment. Workers' comp policies are a little different in the sense that the premium assessment doesn't really occur with any finality until the end. The policy here says the premium shown on the information page and endorsement is an estimate. The final premium will be determined after this policy ends using the actual, not the estimated salaries that have been paid. So I point that out to suggest that it isn't entirely accurate when they say our policy was determined based on this information that Mr. Campbell gave during the period in which Mr. Poore had an injury. Because at the conclusion of that policy, they come back and audit it and determine what the premium should be. And an audit is something that is kind of specific. That's also defined in the policy. Both of these are on C20. It says we get to come to your place when we make arrangements ahead of time and look at your vouchers, your receipts, and what not, and determine if we charge you the right premium and then assess that premium for the previous policy period. Now, the critical factor, I think, is that the allegations within the complaint are basically made upon information and belief. And it's on that allegation that the circuit court entered their default judgment. Counsel, a few minutes ago you said that Mr. Poore had made a workers' comp claim. Yes. When did he make that claim? I think the timing might be important. His injury occurred January 7 of 2012, which is within the policy period that they're asking to have rescinded. It ran from April of 2011 until April of 2012. Okay. My specific question, though, is when did he make his claim? Do you know the answer to that? I know the answer is not in the record. Okay. I do know the answer to it. Would it be important to this court to know? It's not in the record. I'm not asking you to tell me. But would it be important for this court to know when that claim was made, or does it make any difference? I don't think it matters because I don't think this policy is a claims-made policy. It's an occurrence policy. So that an event happening within the policy date is what would trigger the coverage. The legal standard that gets into these overlapping cases, I received some assistance in understanding it with the case of Bradley v. City of Marion. I see three situations that arise when you have an overlap between an administrative agency and a circuit court.  For instance, our administrative agency is the Workers' Compensation Commission. When you have comp benefits at issue, that's 100% the Workers' Compensation Commission jurisdiction to decide. When you have no administrative agency involved, a circuit court case, Responding to the Superior, where they allege that the employee of the person they're asking to be held responsible, the employer, and when that is decided, that's certainly a subject matter for the circuit court because there's no administrative agency there to claim any right of jurisdiction. Then we fall into the cases like this one, where there's a blend of both of them. And that's where the Supreme Court in Employers Mutual v. Skilling made a distinction between cases that involve legal issues only and cases that involve factual issues that are more appropriate for the administrative agency to decide. And that's what we say this situation is. If there was no factual dispute, if Pekin said, Campbell's making a claim for himself, and look at our policy, it says Campbell excluded himself from coverage, we don't have an obligation to defend that claim. The court could decide that based on the facts in front of it because there's no dispute on the fact. But that's not the situation we have here. This is a situation where they say upon information and belief, he had an employee. There is no agreement that he had an employee. Based on that, we believe that the Industrial Commission, given instructions from the Supreme Court, has a great deal of expertise and history in determining employer-employee relationships. And that is because of the efficient administration of that act, that decision should lie with them. Now, the response to that from Pekin says, but he didn't come, he didn't show, he got a default, therefore he admits everything. Well, not everything. He admits well-pleated material facts. I say that's not an issue here because they fail to affirmatively allege ultimate facts. They say in the various paragraphs of the complaint that upon information and belief, he employed Mr. Poor. That says they think it, but it is not, according to the case law that I've cited in my reply brief, a truthful assertion for which the court can base its decision on. Secondly, I argue that a default judgment can't cure the absence of subject matter jurisdiction. There are cases different than this that flat out say that. If you default somebody while a bankruptcy proceeding is pending, it doesn't matter. The bankruptcy court stayed the proceeding, and there's no jurisdiction there. And I go back to the Bradley versus City of Marion case again, where they say parties can't stipulate, agree, waive, or do anything to give a circuit court jurisdiction if it doesn't exist in the first place. So if we can't get together and give the circuit court jurisdiction here, I'm suggesting that it can't also involuntarily be given by Campbell not appearing. Workers' comp is an unusual circumstance where it's alleged that he's a contractor, and because of that, he's in hazardous employment, and the 2011 amendment required employers to carry comp coverage and made it a class A misdemeanor if they didn't, and brings this treasurer in as a party if there's no insurance involved when the claim is made. So this is a significant issue, and I'm still suggesting that the appropriate place for it is before the Workers' Compensation Commission. Several cases kind of support this. I'm not going to say there's exactly this case out there, but the concept of primary jurisdiction is what I say the three various fact scenarios can be. There's one that's obviously a comp case, one that has no administrative agency review available to conflict with, and then there's the middle ground where Skilling says if it's a legal issue, circuit court decides it. If it's a factual issue, the decision is left to the administrative agency that has the expertise in making that decision. Keating, a case involving an employer failing to have workers' comp insurance, they brought a civil case against him, because when you have no workers' comp insurance, civil matters can be brought. You're not protected, part of the September 2011 amendment, and the court there said the existence of workers' comp insurance is a factual matter that's specifically reserved for the Industrial Commission. So that was sent back. Hollywood Trucking, they sue a doctor and an employee claiming that there was a fraudulent misrepresentation of the employee's physical status when he was hired, and they want the workers' comp that they paid returned to them. And this is a legal theory very similar to this, because this suggests a fraud or a misrepresentation, just like Hollywood Trucking suggests fraud or misrepresentation. And again, the court said that since it involved factual issues, especially the existence of matters that impact the workers' comp benefits, that it would be a matter for the Industrial Commission. I don't see where Pekin suffered any harm by whatever representation was made, because they have the opportunity at the end of this policy to audit and accurately assess the premium. And I guess, curiously, I'm not sure what risk they undertook for the premium they paid, because they say that they had an insured that they thought had no employees, and he excluded himself. And they're selling him a workers' comp policy. And they object when a claim is made, and I assume the objection arose because somebody sat in there saying, we didn't take a risk in this thing. This was a good one. Now all of a sudden, this case that we thought we didn't have anything to cover, they want to cover it. They want some coverage on it. Why was the client buying the workers' comp insurance if he didn't have any employees? There are certain contractors that require the certificate. And there is a little teeny risk out there that if he hired a subcontractor who had no comp insurance, and that subcontractor had an employee that got injured, they could come back on him under what's called a statutory employer. But primarily he buys it to satisfy people he works for. And there were other coverages in this policy. There was some liability, employer liability. So I think the circuit court, unfortunately, did not have jurisdiction. Did you use the term statutory employee just a second ago? I did. Okay. What? Statutory employer? Yeah. Okay. Yeah. Well, under the insurance policy, would a statutory employer be covered? Yes. That's the tiny area. Well, that's probably going to be their argument, because you're saying they weren't covering him because he excluded himself, but they weren't covering any employees because he says he didn't have any. Aren't they going to argue the statutory employer is who they were covering under the insurance policy? Would you concede that? I would, yes. Okay. But you're saying that it would be unusual, rather, I'll say, would it be unusual for someone to say, I'm excluding myself and I don't have any employees and I've got coverage for this period, and then he picks up a job where he has to have a couple of employees. And your theory is after the audit, Bacon would say you did have a couple of employees during that period, so we have to jack the premium to take into account the risk that we took. And that's why it's not like a car policy where it covers in the beginning for a flat premium. And the real why is you never know if it's an employee until the Workers' Compensation Commission decides it's an employee, because there are many, to some people's thoughts, transcendent, not real closely connected issues, that the Workers' Compensation Commission might find to be employment related. So you can't define the people when the policy begins the way you can cover a car. Thank you. Thank you. Mr. Brandt. May it please the Court, Counsel, my name is Philip Brandt and I'm on behalf of Pecan Insurance Company. Your Honors, I'd like to first start out by pointing out that we're not here to decide the issue of whether or not the default judgment was properly entered. What this case is concerning, what this appeal is concerning, is whether or not the motion to reconsider was properly denied. And that motion to reconsider went back to a petition under 2-1401 to vacate the default judgment. And the Court denied that petition, stating that, well, first off, the defendant conceded later on that there was no due diligence, he exercised no due diligence under 2-1401, so that the default could be vacated. His other argument was that the Court had no jurisdiction to hear Pecan's rescission action in the first place. And the Court denied that because there's no law that supports this argument. So what we're looking at is, what we had before the Circuit Court was a rescission action. And as this Court knows, the Illinois Constitution provides that all courts have jurisdiction over all justiciable matters. The legislature actually may provide jurisdiction to an administrative agency, but it must do so exclusively. So what this Court was confronted with was a rescission action. And the rescission action is an equitable remedy, which Pecan brought, seeking to rescind his policy, his workers' compensation policy that was issued to its insured, under Section 154 of the Illinois Insurance Code. What we were dealing here with was the Workers' Compensation Act, but solely the Illinois Workers' Compensation Code, which allows an insurer to rescind a policy if there is a misrepresentation made in the application process, and that misrepresentation is material and affects the risk that they undertake and the premiums that they require of the insured. Well, who is best able to interpret those kinds of things? The Circuit Court would be. Why isn't this the Worker's Compensation? Because this is the Illinois Insurance Code that we're looking at. I understand. We're not looking at the Workers' Compensation Code. And the Illinois Supreme Court has set forth that the legislature only has to vest jurisdiction in the Illinois Workers' Compensation Commission under the Act itself. And there's nowhere within the Act that provides that the commission is the agency to decide whether or not there should be rescission of any sort of policy, let alone a Workers' Compensation. Did Mr. McElveen accurately describe the notion or the procedure that you might say, I don't have any employees, and then during the coverage period you would have taken on a job that required you to have a couple of employees? Yes. And then your premium would be readjusted or assessed at the end of that period? Yes, it would. So that's something that typically happens with Worker's Compensation insurance? Or can happen? Can happen, yes. Or is the employer expected to notify the carrier, the comp carrier? The employer, yes, is to notify the comp carrier. At the time he hires the employee. Hires employees so that they can adjust the premium. Is that correct? Because that's a different answer than what you just gave Justice Connect. So what Justice Connect was asking you was, is it common practice to wait until the end of the insurance policy period, do your audit, and then you find there are two employees and you adjust the rate? Or is the employer expected to give notice once he's reported zero employees? When he does hire an employee, is he expected to give notice at the time he hires employees to the comp carrier? I believe he is to provide notice. If he doesn't, the audit will reveal that information. Well, once the audit reveals it, does the audit reveal that he's been a liar? Or does the audit reveal that he's got, he had two employees and now he has four because he took on another job that he didn't anticipate when he took out the policy. Right. Renewed the policy. What occurs, Your Honor, is that a premium will be assessed at the beginning of the policy. When they do the audit, the premium will be adjusted to account for the employees that were hired during the period. Well, is the failure to report that this is your employee during the policy period, is that something that the workman's comp commission takes up? Or is that, I mean, you're saying it's part of your rescission policy, or part of your rescission action. If there were no default, you would have to demonstrate that he, what, purposely withheld information, that he was negligent, not reporting it to you. What would you have to show? Under Section 144 of the Insurance Code, we don't have to show that there's an intent to defraud. Okay. What do you have to show? We just have to show that a misrepresentation was made to the insurance company and that that misrepresentation was material as to how it affects the risk. And the misrepresentation would have to be what? That he had that employee at the time that he said he had? He didn't? Or that he picked up one late? That he didn't have an employee. That he wasn't reporting any employees. At that moment. In this case, what had happened was that he reported that he had no employees, but in actuality, he did have employees. That's what your audit showed? That's what the audit showed. That would be your proof on the rescission policy. Exactly. So that at the time he applied for the policy, he had employees, but he reported no employees. Right. Is that what the evidence shows? That's exactly. I thought you just said a minute ago, but that's picked up in the audit, so you just increased the premium or adjusted the premium. I'm sorry. I misspoke. Well, in this case, what had happened was the audit had already occurred that the employee was actually hired at the time. After the audit showed information with questions were asked during the audit, whether or not the insured had employees. He indicated that he didn't, but in actuality, Pekin found out that he did have employees, that he had this employee, Joshua Core, working for him at the time. So Pekin sought to rescind the policy based on the misrepresentation because of the fact that we had gone through an audit, he made the misrepresentation, and we sought to, because we had assessed the risk accordingly, that the misrepresentation was made. It was material. It fell under Section 154. But, again, Your Honors, I think we're getting a little far afield here from the issue before the court, which is whether or not the court has jurisdiction over the rescission action. It does. It's Section 154 of the Insurance Code. We're not talking about, again, workers' compensation claims. It's something for the Workers' Compensation Commission to decide, not whether or not a policy can be rescinded. That's not under the Workers' Compensation Code. Under the Workers' Compensation Code, would you be able to say, we think that gentleman was an employee, but we need not provide coverage because of his misrepresentation to us, and workmen's compensation can say, yeah, you're right. Could they do that? The ultimate decision as to whether or not the policy can be rescinded. That's not what I asked. I asked if it was a workman's compensation case, could you say, yeah, he was an employee, but we shouldn't be required to cover it. Right. They would say that, but the employer would have to pay, I assume, if he had a legitimate workers' compensation claim. Right. They'd go after the employer directly, and the employer has no insurance, so he's got to pay out of pocket. But I'm asking if that could occur before the workers' compensation measure. Oh, I see what you're asking. You're at workers' compensation, and they say, yeah, I got hurt on the job, and you just stand up and say, or tell the arbiters. Well, it would be our position as an insurance company to provide that. What we would be bringing is a rescission case, which is in the jurisdiction of the circuit court. I'm not asking if that's what you would or could do. I'm asking if it got in front of the Workmen's Compensation Commission. And we start to rescind the policy in the Workers' Compensation Commission? You don't have to rescind it as a matter of law. Can you say factually we should not be required to provide coverage because he misrepresented to us that he had no employees when, in fact, he did? How can we be required to provide coverage? Maybe somebody would say to you, well, why don't you bring a rescission action? That's not what I'm asking. I'm asking whether or not you could proceed. No, we couldn't because the commission would not have jurisdiction to determine whether or not a policy could be rescinded under Section 154. Again, the Illinois legislature has stated that the Workers' Compensation Commission has jurisdiction solely over workers' compensation claims. This has been backed up by the Illinois Supreme Court. So for us to say in the commission we don't have a duty to defend them, they would say we don't have jurisdiction to support, to grant you that remedy. You have to go to the circuit court. That's where that decision should be decided. And that's exactly what this case is about, whether or not the circuit court has jurisdiction to decide a rescission case under Section 154. Yes, it does. Absolutely. Mr. McIver implied that there might be overlapping jurisdiction. You disagree with that? There could be overlapping jurisdiction. Well, in some instance. But in this instance, it's not overlapping. And what I think he was getting at was in the Skilling case, and I think that's what he's getting at. In the Skilling case, they were saying that the circuit court has jurisdiction over a certain action, but there may be some portions of it to which the Workers' Compensation Act explicitly provides that the commission has jurisdiction over. So you have two different things. And this case is potentially one of those cases. Say, for example, that the defendant had appeared and had not defaulted and had argued this case. He could have said, Your Honor, before we can determine whether or not I made a misrepresentation as to whether or not this person is my employee, that should be an argument that should be brought in the commission. So we just have that sole question of fact as to whether that should be brought in the commission because they have jurisdiction over that case. Is that because the commission has the expertise to make the ultimate decision as to who is and or is not an employee? Exactly. That could be argued that they have the expertise that they should be deciding whether or not there was an employee-employer relationship. But in that case, when there is concurrent jurisdiction, which is called concurrent jurisdiction, you have the circuit court who has jurisdiction over the rescission case. You have a question of fact that needs to be determined solely by the commission. They have concurrent jurisdiction. The circuit court, the Illinois Supreme Court in Skilling said, the circuit court has paramount jurisdiction. And they apply the doctrine of primary jurisdiction, which says that the court, the circuit court, may go ahead and stay the proceedings. So the court would stay the proceedings in the rescission action, wait for the commission to make a determination as to whether or not there was an employee-employer relationship, such that Joshua Poore is entitled to benefits under the policy, entitled to workers' compensation benefits. And if there are, then we could go back, the court can then go back and use that determination to determine whether or not their policy should be or can be rescinded. But unfortunately, that didn't happen in this case. What happened in this case is they took a default, they were properly served, they took a default, they didn't appear. Under Illinois law, all those facts, all material facts, as the defendant pointed out, are deemed admitted. And that material fact was there was a misrepresentation on the policy. That misrepresentation said, I don't have any employees, when in actuality he did. Did that materially affect the risk that Pekin undertook, that the premium set a charge? Yes, it did. And that's what the court found. And the court went ahead and granted rescission in that case. And it properly did so. It did not need to determine that question of facts, because everything was deemed admitted. At that point, in this case, the circuit court was deciding the rescission action as a question of law. And a question of law is clearly within the jurisdiction of the circuit court to decide. It didn't need any help from the commission, because that fact was deemed admitted. It went forward. But I think what his argument before is that the court, what his argument really is, is that if this had gone properly, he had appeared, he had argued, we could have stayed this, and had the commission decide that one question of facts. But the Illinois Supreme Court is clear in skilling, and also especially in the NL industries in which it relied, to say that a court is never to dismiss a case when it has original jurisdiction. It's never to dismiss a case. It can stay a case pending the resolution of an agency to make a determination that it needs in its case, but it should never give up its original jurisdiction, especially when the act that provides the commission or another administrative agency with its powers does not explicitly provide that it will take full control of the case. And that's exactly what it said. And I think some of this is evidence from the cases that he cited, Hollywood trucking. In that case, what they had was a count. They had a count in the complaint, which the circuit court said it didn't have jurisdiction to decide. In that case, they had everything involved in that count was fully within the commission's power to decide, and therefore it didn't have subject matter jurisdiction. Same thing with the Keating case. They invoked Section 4D of the act, and they said whether or not, and 4D contains regulations that ensure employers maintain adequate workers' compensation insurance and pay compensation claims to their employees. And it expressly gives the commission authority to enforce those regulations. Again, the Illinois Workers' Compensation Act does not provide the Workers' Compensation Commission any authority to decide whether or not a policy can be rescinded under Section 154 of the insurance code. And therefore, the court properly had jurisdiction. It was proper to enter the default judgment under its jurisdiction, and it was proper for it to deny the petition 1401 motion to vacate the default judgment for lack of jurisdiction. And it was also proper to deny the motion to reconsider. If there are no further questions, I will stand up. Thank you. Thank you very much. Mr. McElveen, any rebuttal? I agree with most everything you said except one thing. I say there is a factual issue. He says the default cures that. I say it doesn't. Allegations made on information and belief is not the equivalent of an allegation of relevant fact. I say we're in the same status as if we came in and objected to this. I wouldn't have expected a suspension of the proceedings. I would have really expected them to defend it under reservation of rights. That's how you handle the situation ordinarily. And they say to the insurer, we think we have a policy defense here. We're going to let you hire your attorney. You go ahead and defend the case, and we'll see how the case comes out. But they chose in this instance to file the rescission. The default wasn't adequate because of the phrases they used in their complaint. Proof that plaintiffs were informed of or believed certain facts obviously could not support a finding that they are in fact true. That's our disagreement. He says the default is good to solve the fact question, to take it into the skilling issue of a court deciding it because it's only a legal issue. I say the default didn't accomplish that and leaves a factual question out there to which skilling says we go to the Industrial Workers' Comp Commission for a decision. Thank you. Do you have a case that supports that position that you just articulated? The information and belief? Yes. They're cited in the – I don't have page numbers on this thing. Yes, one of them is Whitley v. Frazier, 21 Illinois 2nd, 292. And that's where that came from. Whitley v. Frazier? Okay, thank you. These are in your brief. They're in my reply brief under section 2A. Okay. Thank you. Thank you, counsel. I'm going to take this matter under advisement and be in recess.